UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

DAVID NATADZE on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

       -against-

VALENTINE & KEBARTAS, LLC. AND
LVNV FUNDING, LLC

                     Defendants.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, David Natadze brings this action against Valentine & Kebartas, LLC. and LVNV Funding, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant Valentine's principal place of business is located in Lawrence, Massachusetts.

5.    Upon information and belief, Defendant LVNV's principal place of business is located in Albany, New York.

6.   Defendant LVNV Funding is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

7.   Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

8.   Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

9.   Defendant LVNV has been the Plaintiff in more than 3,000 collection lawsuits that have been pending in New York State during the year prior to the filing of this action.

10.  Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

11.  As of the date of the collection letter, sent to the Plaintiff on December 5, 2017, LVNV Funding, LLC was the "OWNER NAME" of the alleged debt.

12.  The respective Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13.  The respective Defendants are under the category of a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

14.  Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

**Jurisdiction and Venue**

15.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to David Natadze**

17.   Defendant LVNV hired Defendant Valentine to collect the debt on its behalf.

18.   Defendant LVNV uses the instrumentality of interstate commerce as well as the mails in its business which the principal purpose of which is the collection of debts.

19.   Defendant LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20.   The principal purpose of Defendant LVNV's business is the purchase of defaulted consumer debts originally owed or due or alleged to be originally owed or due to others.

21.   Defendant LVNV purchased the Plaintiff's defaulted debt from Capital One N.A., placed it with Defendant Valentine, and sought to collect on it.

22.   Defendant LVNV uses the mail in purchasing defaulted consumer debts, usually at a significant discount to their face value, and then seeks to collect on such debts.

23.   Defendant LVNV directed, controlled and instructed Defendant Valentine to use these specific letters and phone messages when communicating with the Plaintiff.[1]

24.   Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

25.   On or about December 5, 2017, Defendant Valentine sent the Plaintiff a collection letter.

26.   Upon information and belief, the said letter was the Defendants' initial communication with the Plaintiff.

27.   Within the said letter, the Defendants provided the Plaintiff with his validation rights, including the right to dispute the debt, in writing and request the validity of the debt.

28.   The said letter contained more than one address, each one belonging to the Defendants.

---

[1] Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *19 (7th Cir. Apr. 7, 2016) ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.")

29.    The consumer is completely left in the dark as to which address to send his or her dispute to.

30.    The said letter does not direct the consumer as to which address is for disputes.

31.    Said language is deceptive as it leads the least sophisticated consumer to be confused as of his rights to dispute the debt with the debt collector.

32.    The letter provides the consumer no direction as to how to go about disputing his debt.[2]

33.    This defect renders the validation notice ineffective in violation of Section 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

34.    On information and belief, the said letter is a standardized form letter.

35.    On information and belief, Defendants' collection letters, such as the said December 5, 2017 collection letter, number in the hundreds.

36.    Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) for providing multiple mailing addresses in their collection letter, thereby confusing the consumer as to which address to send disputes to.

37.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

38.    Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

39.    Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

40.    Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

---

[2] Carbone v. Caliber Home Loans, Inc., 2016 U.S. Dist. LEXIS 138433, *9-11 ("Here, Plaintiff has plausibly alleged that the "above referenced address" is materially misleading. True, the FDCPA does not impose a requirement on the number of addresses listed in a notice of debt. But the issue is that the "above referenced address" in Texas, which is to be used for any written requests, is for return mail only. At the end of the letter, however, the Notice of Debt advises Plaintiff to send any written requests to an Oklahoma address. (*See* Notice of Debt.) It would appear that written requests are directed to an address that only handles return mail. Accordingly, the hypothetical least sophisticated consumer could be confused by the presence of these two addresses. . . Plaintiff's allegations that two addresses are materially misleading are sufficient to plausibly state a claim.")

41.  Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

42.  Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

43.  The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

44.  These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

45.  Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

46.  This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47. The identities of all class members are readily ascertainable from the records of the Defendants and those business and governmental entities on whose behalf it attempts to collect debts.

48. Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Valentine & Kebartas, LLC. and LVNV Funding, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

49. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

50. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

51. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

52. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment

will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collects debts throughout the United States of America.

53.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

54.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

55.    Further, Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

56.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.**

57.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty six (56) herein with the same force and effect is if the same were set forth at length herein.

58.     This cause of action is brought on behalf of Plaintiff and the members of a class.

59.     The class involves all individuals whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 5, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(10) for providing multiple mailing addresses, thereby confusing the consumer as to which address to send disputes to.

### Violations of the Fair Debt Collection Practices Act

60.     The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

61.     Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendants and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
      August 9, 2018

                                        ____/s/ Maxim Maximov_____
                                        Maxim Maximov, Esq.
                                        Attorneys for the Plaintiff
                                        Maxim Maximov, LLP
                                        1701 Avenue P
                                        Brooklyn, New York 11229
                                        Office: (718) 395-3459
                                        Facsimile: (718) 408-9570
                                        E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                        ____/s/ Maxim Maximov_____
                                        Maxim Maximov, Esq.